IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA ANN KRIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-068-D |
| ) | (Lincoln County, Oklahoma, No. CV-2009-570) |
| KEITH JUDKINS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF REMAND

Before the Court is Pamela Ann Kriel's *pro se* Removal Notice, filed January 22, 2010, which has been examined to determine a basis for subject matter jurisdiction. *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (the district court must remand a case if jurisdiction is lacking and cannot proceed further). Although Ms. Kriel has utilized a case style that denominates herself as Plaintiff and other parties as Defendants, an examination of the attached copies of state court pleadings reflects that the removed case involves an interpleader action brought by Keith Judkins as plaintiff against Ms. Kriel and others to determine his entitlement to the proceeds of an insurance policy. Therefore, although only a defendant is authorized to remove a civil action to federal court, *see* 28 U.S.C. § 1441(a), it appears Ms. Kriel is actually a defendant in the underlying action. However, an examination of Ms. Kriel's papers and the case record reveals no basis of federal jurisdiction.

In her Removal Notice, Ms. Kierl states the case is within the Court's admiralty jurisdiction "as is provided by 'The Savings to the Suitors Clause,'" citing 28 U.S.C. § 1333(1). Removal Notice [Doc. No. 1] at 2. In actuality, the "savings clause" of § 1333(1) operates to prevent the removal of a maritime action brought in state court, if no independent basis of subject matter

jurisdiction, such as a federal question or diversity of citizenship, exists. *See Oklahoma ex rel. Edmondson v. Magnolia Marine Transport Co.*, 359 F.3d 1237, 1241 (10th Cir. 2004). In this case, there appears to be no independent basis of jurisdiction. No federal question is presented by Mr. Judkin's state court petition, and Ms. Kriel's filings provide no basis for an exception to the rule that "'a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law.'" *See Hunt*, 427 F.3d at 727 (quoting *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005)). Further, although Ms. Kriel refers in some filings to diversity of citizenship, the amount in controversy requirement of 28 U.S.C. § 1332(a) plainly is not met.[1] The state court petition states the amount of the interpleader fund is $48,440.12. See Removal Notice, Ex. 1 [Doc. 1-2], ¶ 4. Therefore, the Court is required by 28 U.S.C. § 1447(c) to remand this case to state court.

IT IS THEREFORE ORDERED that this action is REMANDED to the District Court of Lincoln County, Oklahoma, where it began as Case No. CV-2009-570.

IT IS SO ORDERED this 2nd day of February, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff states there is diversity of citizenship in her Notice of Removal [Doc. No. 3], referring to herself as a sovereign woman.